IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY HEWITT | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-5992 |
| | : | |
| THE ROSE GROUP *et al.* | : | |
|     Defendant. | : | |

FILED
MAR 21 2016
MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

## MEMORANDUM ORDER

This 21st day of March, 2016, upon consideration of Defendants' Motion to Dismiss or Stay and Compel to Arbitration, Plaintiffs' Response, and Defendants' Reply, it is hereby **ORDERED** that:

1. Plaintiff having agreed she would voluntarily dismiss Co-Defendants Applebee's International, Inc., Applebee's Restaurants, LLC, Applebee's Service, Inc., and DineEquity, Inc. without prejudice, those Defendants are **DISMISSED**;

2. This action is **STAYED** pending arbitration in accordance with the terms set out in the arbitration agreement and Dispute Resolution Program Booklet; and

3. Defendants **SHALL** pay all fees and costs associated with the arbitration with the exception of the $150 filing fee and Plaintiff's own attorneys' fees and expenses, as provided in the arbitration agreement according to Defendants' representation to the Court.

The reasons for this Order are as follows. Plaintiff Ashley Hewitt worked as a hostess and server at an Applebee's restaurant in Folsom, Pennsylvania from January 2011 to January 2014. She was hired by "The Rose Group," which Defendants describe as "a restaurant

1

management company that owns and operates several Applebee's ... restaurants in Pennsylvania." Mem. Sup. Pl. Mot. Compel at 2. When she was hired, she signed an agreement that she would arbitrate certain claims arising from her employment rather than litigating them in Court.

The Complaint alleges that Plaintiff's direct supervisor and restaurant manager Jason Scott sexually harassed her throughout this entire period. It alleges that Hewitt complained of the harassment and another restaurant manager falsely told Plaintiff she should not show up for her shift. When Hewitt failed to show for the shift, according to the Complaint, her employment was terminated.

Plaintiff filed her Complaint in Pennsylvania state court asserting violations of Title VII of the Federal Civil Rights Act of 1964, state law assault and battery, the Pennsylvania Human Relations Act, and state law negligence. Defendants removed the case to this Court and filed their Motion to Dismiss or Stay and Compel to Arbitration pursuant to the Federal Arbitration Act (FAA).

The FAA requires courts to stay claims covered by an enforceable arbitration agreement. *Alexander v. Anthony Intern., L.P.*, 341 F.3d 256, 263 (3d Cir. 2003) ("A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration"). A court considering a motion to stay and compel arbitration must make "a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005).

The parties disagree about the controlling standard. Defendants ask the Court to apply the standards for Federal Rule of Civil Procedure 12(b)(6) to their motion to compel. Plaintiff

argues that when considering 12(b)(6) motions, courts may only rely on documents that are integral or explicitly referenced in a complaint. Pl. Mem. Opp. Mot. Compel Arbitration at 5. The Motion to Compel Arbitration can only be granted if the arbitration agreement is enforceable, and the "validity and enforceability [of the arbitration agreement] regards a factual context not referenced by the Complaint." *Id.* If the Court considers the arbitration agreement, which Plaintiff does not discuss in its Complaint, Plaintiff contends, the Court must convert Defendants' Motion to Dismiss into a Motion for Summary Judgement. *Id.*

The Third Circuit recently clarified the appropriate standard of review for courts to apply in reviewing motions to compel arbitration:

> To summarize, when it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Somerset,* 832 F.Supp.2d at 482. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

Here, there is no lack of clarity regarding the agreement to arbitrate, and Plaintiff has not produced any additional facts sufficient to place the agreement to arbitrate at issue.[1] Plaintiff requests an opportunity to produce evidence that she cannot afford arbitration. Pl. Mem. Opp. Mot. Compel at 7. However, the Dispute Resolution Program Booklet, which the Arbitration Agreement explicitly integrates, states that Plaintiff's financial obligations for beginning

---

[1] It would frustrate the purposes of the Federal Arbitration Act if plaintiffs could avoid having their claims quickly compelled to arbitration simply by failing to mention the existence of clearly applicable arbitration agreements in their complaints.

arbitration would be limited to a $150.00 filing fee and her own attorneys' fees. Defendants contend that "[a]side from this minimal initial filing fee, the Rose Group pays for the remaining cost of arbitration—excluding a plaintiff's attorneys' fees and litigation costs." Def. Reply Supp. Mot. Compel at 7. In that regard, Plaintiff does not represent that she was given leave to proceed *in forma pauperis* in state court, where this action began, and the filing fee she (or her counsel) would have paid there is more than double the arbitration fee here. In light of that, I must conclude that there is no reason to delay resolving this motion now under the 12(b)(6) standard, without discovery.

Plaintiff attacks the agreement at issue by arguing it is unenforceable. Specifically, she argues that (1) there was no consideration for the arbitration agreement, (2) it is insufficiently specific because it does not identify the arbitration forum, and (3) the fee sharing provisions of the agreement make arbitration so expensive that Plaintiff cannot afford to vindicate her statutory rights. I address each of these arguments in turn.

First, the arbitration agreement is supported by adequate consideration. The Third Circuit recognizes that **mutual** promises to arbitrate are sufficient. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603–04 (3d Cir. 2002) ("When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced.").

Second, the arbitration agreement is not invalid for failure to specify the arbitration forum. Plaintiff is correct that in general, contracts will fail if they are not "sufficiently definite to be enforced." *Id.* at 603. Under existing law, it is not clear whether failure to specify an arbitration forum is a fatal omission for an arbitration agreement. But even if such a failure were a basis to find an agreement invalid, the agreement here specifically incorporates the

4

Dispute Resolution Program Booklet by reference, and the Booklet specifies that the arbitration will proceed through the American Arbitration Association.

Third, the agreement's provisions for apportioning fees for arbitration do not render Plaintiff unable to vindicate her statutory rights. Plaintiff cites *Shankle v. B-G Maintenance Mgmt. of Colorado, Inc.*, 163 F.3d 1230 (10th Cir. 1999), which held that a mandatory arbitration agreement entered into as a condition of employment and that required an employee to pay a portion of the arbitrator's fees is unenforceable under the FAA. *See also Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir.1998) (finding that arbitration agreement requiring employee to pay one-half of costs and "steep filing fees" is unenforceable); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1468 (D.C. Cir. 1997) (finding that "an employee can never be required, as a condition of employment, to pay an arbitrator's compensation in order to secure the resolution of statutory claims under Title VII").

I would find that argument compelling if it fit the facts presented here, but it does not. *Shankle* dealt with a provision that required the plaintiff to pay *half* of the arbitrator's fees, amounting to between $1,875 and $5000. *Shankle*, 163 F.3d at 1235. There is no such requirement here. Defendants construe the agreement as providing that "Aside from this minimal initial filing fee [of $150], the Rose Group pays for the remaining cost of arbitration— excluding a plaintiff's attorneys' fees and litigation costs." Def. Reply Supp. Mot. Compel at 7. I will accept that construction, but because I am concerned that the agreement might be less specific than Defendants suggest, this Order specifically requires them to pay all associated costs and fees aside from the initial $150, rendering any risk to the Plaintiff non-existent. *See Green Tree Fin. Corp.–Alabama v. Randolph*, 531 U.S. 79, 90–91 (2000) (speculative risk of economic burden does not suffice to invalidate arbitration agreement).

5

Therefore, I find that the arbitration agreement is enforceable. The underlying premise of Plaintiff's argument is that arbitration is far inferior to trial by jury as a method of resolving a claim for sexual harassment. I agree. But the controlling law does not permit me to accept that premise.

Under that law, Plaintiff's claims are covered by the arbitration agreement, with the result that Defendants are entitled to a stay of these proceedings and an Order compelling Plaintiff to arbitrate her claims.

Gerald Austin McHugh
United States District Court Judge